**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)*   **25-10719 JCM**

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | *Brian*<br>First name<br><br>*Keith*<br>Middle name<br><br>*Halpainy*<br>Last name and Suffix (Sr., Jr., II, III) | *Stephanie*<br>First name<br><br>*Diane*<br>Middle name<br><br>*Halpainy*<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | *Stephanie D. Lahnen* |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | *xxx-xx-5985* | *xxx-xx-3143* |

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | *25-10719 JCM* |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **4.** | **Your Employer Identification Number (EIN), if any.** | EIN | EIN |

| **5.** | **Where you live** | | If Debtor 2 lives at a different address: |
|---|---|---|---|

*14344 Ridge Road*
*West Springfield, PA 16443*
Number, Street, City, State & ZIP Code

*Erie*
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

| **6.** | **Why you are choosing *this district* to file for bankruptcy** |
|---|---|

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | *25-10719 JCM* |

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

---

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

---

**8.** **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.

☑ Yes.

| District | *Western District of New York - Buffalo* | When | *6/15/17* | Case number | *17-11285* |
|---|---|---|---|---|---|
| District | *Western District of New York - Buffalo* | When | *2/28/05* | Case number | *05-11358* |
| District | *See Attachment* | When | | Case number | |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

| Debtor | | Relationship to you | |
|---|---|---|---|
| District | | When | | Case number, if known | |
| Debtor | | Relationship to you | |
| District | | When | | Case number, if known | |

---

**11.** **Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | **25-10719 JCM** |

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**
For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.   What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?

_____
Number, Street, City, State & Zip Code

---

Debtor 1   **Brian Keith Halpainy**
Debtor 2   **Stephanie Diane Halpainy**

Case number *(if known)*   **25-10719 JCM**

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **Brian Keith Halpainy** | | |
|---|---|---|---|
| Debtor 2 | **Stephanie Diane Halpainy** | Case number *(if known)* | **25-10719 JCM** |

**Part 6:**   Answer These Questions for Reporting Purposes

| 16. | What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|---|---|

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.   State the type of debts you owe that are not consumer debts or business debts

_____

| 17. | Are you filing under Chapter 7? | ■ No. | I am not filing under Chapter 7. Go to line 18. |
|---|---|---|---|

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**Part 7:**   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| */s/ Brian Keith Halpainy* | */s/ Stephanie Diane Halpainy* |
|---|---|
| **Brian Keith Halpainy** | **Stephanie Diane Halpainy** |
| Signature of Debtor 1 | Signature of Debtor 2 |

| Executed on | **January 26, 2026** | Executed on | **January 26, 2026** |
|---|---|---|---|
| | MM / DD / YYYY | | MM / DD / YYYY |

| | |
|---|---|
| Debtor 1 **Brian Keith Halpainy** | |
| Debtor 2 **Stephanie Diane Halpainy** | Case number *(if known)* **25-10719 JCM** |

---

| | |
|---|---|
| **For your attorney, if you are represented by one**<br><br>**If you are not represented by an attorney, you do not need to file this page.** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |

**/s/ Michael S. Jan Janin, Esquire**                    Date    **January 26, 2026**
Signature of Attorney for Debtor                                   MM / DD / YYYY

**Michael S. Jan Janin, Esquire 38880**
Printed name

**Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.**
Firm name

**456 West 6th Street**
**Erie, PA 16507**
Number, Street, City, State & ZIP Code

Contact phone    **814-833-2222**              Email address    **mjanjanin@quinnfirm.com**

**38880 PA**
Bar number & State

---

Debtor 1   **Brian Keith Halpainy**
Debtor 2   **Stephanie Diane Halpainy**                                          Case number *(if known)*   **25-10719 JCM**

| Fill in this information to identify your case: |
| --- |

Debtor 1       **Brian Keith Halpainy**
                    First Name              Middle Name              Last Name
Debtor 2       **Stephanie Diane Halpainy**
(Spouse if, filing)   First Name              Middle Name              Last Name

United States Bankruptcy Court for the:   WESTERN DISTRICT OF PENNSYLVANIA

Case number   **25-10719 JCM**
(if known)

☐ Check if this is an
    amended filing

# FORM 101. VOLUNTARY PETITION

## <u>Prior Bankruptcy Cases Filed Attachment</u>

| District | Case Number | Date Filed |
| --- | --- | --- |
| **Western District of New York - Buffalo** | **17-11285** | **6/15/17** |
| **Western District of New York - Buffalo** | **05-11358** | **2/28/05** |
| **Western District of New York - Buffalo** | **01-1117** | **3/06/01** |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *25-10719 JCM* |
| (if known) | |

☐ Check if this is an
    amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  |  | Your assets Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................................... | $ 236,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................................................. | $ 25,436.27 |
| | 1c. Copy line 63, Total of all property on Schedule A/B................................................................. | $ 261,436.27 |

### Part 2:    Summarize Your Liabilities

|  |  | Your liabilities Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 259,954.31 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $ 100.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 31,294.59 |
| | **Your total liabilities** | $ 291,348.90 |

### Part 3:    Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I) | |
|---|---|---|
| | Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $ 6,291.81 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) | |
| | Copy your monthly expenses from line 22c of *Schedule J*.......................................................... | $ 5,775.75 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7.  **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| Debtor 1 | *Brian Keith Halpainy* | |
|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | |
| | | Case number *(if known)*  **25-10719 JCM** |

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ **6,954.46**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F*, copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $ *0.00* |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ *100.00* |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ *0.00* |
| 9d. Student loans. (Copy line 6f.) | $ *10,000.00* |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ *0.00* |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ *0.00* |
| 9g. **Total.** Add lines 9a through 9f. | $ *10,100.00* |

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *25-10719 JCM* |

☐ Check if this is an
   amended filing

## Official Form 106A/B
# Schedule A/B: Property                                         12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

**1.1**

*14344 West Ridge Road*
_____
Street address, if available, or other description

*West Springfield     PA     16443-0000*
_____
City                    State          ZIP Code

*Erie*
_____
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$236,000.00* | *$236,000.00* |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property**
   (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..........................................................................=>

*$236,000.00*

**Part 2:**   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Debtor 1 | *Brian Keith Halpainy* | | |
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | *25-10719 JCM* |

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

**3.1** Make: *Mitsubishi*
Model: *Mirage*
Year: *2024*
Approximate mileage: *31,094.0*
Other information:

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property? *$12,000.00*
Current value of the portion you own? *$12,000.00*

**3.2** Make: *GMC*
Model: *Sierra*
Year: *2013*
Approximate mileage: *125,000*
Other information:

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property? *$1,200.00*
Current value of the portion you own? *$1,200.00*

**3.3** Make: *Dodge*
Model: *Omni*
Year: *1984*
Approximate mileage: *72,000*
Other information:

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property? *$200.00*
Current value of the portion you own? *$200.00*

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................................=>    *$13,400.00*

---

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| *Usual and Ordinary Household Goods and Furnishing* | *$3,600.00* |

Debtor 1    **Brian Keith Halpainy**

Debtor 2    **Stephanie Diane Halpainy**

Case number *(if known)*    **25-10719 JCM**

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| ***Usual and Ordinary Electronics*** | ***$450.00*** |

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| ***Paintball Equipment*** | ***$400.00*** |
| ***Craft Tools*** | ***$50.00*** |
| ***Craft Equipment*** | ***$200.00*** |

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| ***Four shotguns*** | ***$350.00*** |
| ***Two handguns*** | ***$150.00*** |
| ***Two Rifles*** | ***$300.00*** |

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| ***Usual and Ordinary wearing apparel*** | ***$300.00*** |

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| ***Costume Jewelry*** | ***$75.00*** |
| ***Husbands Wedding Ring*** | ***$150.00*** |

Debtor 1    **Brian Keith Halpainy**

Debtor 2    **Stephanie Diane Halpainy**

Case number *(if known)* **25-10719 JCM**

| | |
|---|---|
| **Wifes Wedding Ring** | $750.00 |
| **Two necklace sets** | $120.00 |

**13. Non-farm animals**

   *Examples:* Dogs, cats, birds, horses

   ☐ No

   ■ Yes.  Describe.....

| | |
|---|---|
| **One dog** | $1.00 |
| **Six Cats** | $6.00 |
| **Three Reptiles** | $3.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

   ■ No

   ☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ......................................................................  $6,905.00

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

   ☐ No

   ■ Yes...................................................................................................

| | |
|---|---|
| *Cash* | $38.00 |

**17. Deposits of money**

   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

   ☐ No

   ■ Yes.......................                Institution name:

| | | | |
|---|---|---|---|
| 17.1. | *Savings* | **Joint Interlake Federal Credit Union** | $2,200.00 |
| 17.2. | *Checking* | **Wife's First National Bank** | $180.00 |
| 17.3. | *Checking* | **Husband's First National Bank** | $5.27 |
| 17.4. | *Savings* | **Joint Interlake Federal Credit Union** | $5.00 |

| Debtor 1 | **Brian Keith Halpainy** | | |
|---|---|---|---|
| Debtor 2 | **Stephanie Diane Halpainy** | Case number *(if known)* | **25-10719 JCM** |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................. Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes.  Give specific information about them...................
    Name of entity:                                        % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
    Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☐ No
■ Yes. List each account separately.
    Type of account:                Institution name:

| **Pension** | **Husband's Pepsi Pension** | **$1.00** |
|---|---|---|

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ..................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | *25-10719 JCM* |

**28. Tax refunds owed to you**

☐ No

■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| *Joint 2025 IRS Refund* | *Federal* | *$2,000.00* |
|---|---|---|

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No

☐ Yes.  Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| *Pepsi Term Life in the face amount of $180,000.00* | *Wife* | *$1.00* |
| *Pepsi Term Life in the face amount of $25,000.00* | *Husband* | *$1.00* |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

☐ No

■ Yes.  Give specific information..

| *2022 Cargo Trailer* | *$700.00* |
|---|---|

**36.   Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................**     | *$5,131.27* |

| Debtor 1 | *Brian Keith Halpainy* |
|----------|------------------------|
| Debtor 2 | *Stephanie Diane Halpainy* |

Case number *(if known)*  **25-10719 JCM**

---

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes.  Go to line 38.

---

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

---

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    *$0.00*

---

**Part 8:**  List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. Part 1: Total real estate, line 2 ................................................................................. | | *$236,000.00* |
| 56. Part 2: Total vehicles, line 5 | *$13,400.00* | |
| 57. Part 3: Total personal and household items, line 15 | *$6,905.00* | |
| 58. Part 4: Total financial assets, line 36 | *$5,131.27* | |
| 59. Part 5: Total business-related property, line 45 | *$0.00* | |
| 60. Part 6: Total farm- and fishing-related property, line 52 | *$0.00* | |
| 61. Part 7: Total other property not listed, line 54          + | *$0.00* | |

62. **Total personal property.** Add lines 56 through 61...    *$25,436.27*    Copy personal property total    *$25,436.27*

63. **Total of all property on Schedule A/B.** Add line 55 + line 62    *$261,436.27*

Brian Keith Halpainy
Stephanie Diane Halpainy
Bankruptcy No. 25-10719 JCM
Attachment to Schedule A/B

The Real Estate located at 14344 Ridge Road, West Springfield, Pennsylvania 16443 situate in the Township of Springfield, County of Erie, and Commonwealth of Pennsylvania acquired by virtue of a Deed dated July 29, 2022 and recorded on August 1, 2022 at Erie County Instrument No. 2022-016620 for a purchase price of $236,000.00 subject to a mortgage in favor of United Wholesale Mortgage, LLC dated July 29, 2022 and recorded on August 1, 2022 at Erie County Instrument No. 2022-016621 in the face amount of $231,725.00 and an Assignment of mortgage in favor of Lakeview Loan Servicing, LLC dated August 16, 2023 and recorded on August 16, 2023 at Erie County Instrument No. 2023-013509 and a second mortgage in favor of the Secretary of Housing Urban Development dated January 17, 2024 and recorded on February 12, 2024 at Erie County Instrument No. 2024-002203 in the face amount of $11,947.31.

1732813

Erie County PA Recorder of Deeds   Inst. #: 2022-016620   8/1/2022 2:21:43 PM

WARRANTY DEED

## THIS INDENTURE, Made The

_29th_ day of July, in the year of our Lord two thousand twenty-two (2022)

## BETWEEN

**Donald C. Connors and Julia M. Connors, husband and wife**, of the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, parties of the first part,

## AND

**Brian K. Halpainy and Stephanie Halpainy, husband and wife, as tenants by the entirety with the right of survivorship**, of the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, party of the second part,

**WITNESSETH;** That in consideration of TWO HUNDRED THIRTY-SIX THOUSAND AND 00/100 ($236,000.00) DOLLARS, in hand paid, the receipt whereof is hereby acknowledged, the Grantor(s) do(es) hereby grant, bargain, sell and convey to the Grantee(s),

ALL that certain piece or parcel of land situate in the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at the southeast corner of lands herein described, at a point in the centerline of U.S. Route 20, said point also being the southwest corner of lands now or formerly of Dominic A. and Lidano L., Jr. Adiutori as described in Deed Book 940, Page 157, and said point being distant South 84° 09' West, 165.54 feet from the intersection of the centerline of U.S. Route 20 and S.R. 0005;

THENCE from said point of beginning the following courses:

1.  South 84° 09' West along the centerline of U.S. Route 20, a distance of 185.69 feet to a point, said point being the southwest corner of lands herein described and also the southeast corner of lands now or formerly of John G. & Sue Joan Williams as described in Deed Book 1292, Page 568;

2.  THENCE, North 0° 09' East along said lands of Williams and along the residue of lands now or formerly of L.I. LaDuca and C.L. Maxon (as conveyed to the Commonwealth of Pennsylvania), passing over an iron survey pin at a distance of 40.84 feet, a total distance of 417.80 feet to an iron survey pin, said point being the northwest corner of lands herein described;

_Cardinal_

Erie County PA Recorder of Deeds   Inst. #: 2022-016620   8/1/2022 2:21:43 PM

3.   THENCE South 89° 51' East, along said residue of lands,
      a distance of 184.67 feet to an iron survey pin located
      on the west line of the aforementioned lands now or
      formerly of Adiutori, said point being the northeast
      corner of lands herein described;

4.   THENCE, South 0° 09' West along said lands now or
      formerly of Adiutori, passing over an iron survey pin at
      a distance of 357.40 feet, a total distance of 398.39
      feet to the point of beginning.

HAVING erected thereon a two story frame house, garage and sheds.

SAID parcel being the same as that shown on the L.I. LaDuca/C.L.
Maxon, Jr. Subdivision Map dated March 5, 1991, and recorded in
Erie County Map Book 38 at Page 10 on May 22, 1991.

ALSO, All that certain piece or parcel of land situate in the
Township of Springfield, County of Erie and Commonwealth of
Pennsylvania, being Lot B of the Subdivision of Lands of Donald C.
& Julia M. Connors as prepared by Robert L. Rabell, Surveying &
Engineering, dated July 18, 2005 and recorded in the Office of the
Recorder of Deeds for Erie County, Pennsylvania as Map No. 2005-214
on September 8, 2005.

EXCEPTING THEREFROM, ALL that certain piece or parcel of land
situate in the Township of Springfield, County of Erie and
Commonwealth of Pennsylvania, conveyed to Craig L. Adams and Amanda
E. Adams, his wife, by deed recorded December 17, 2021 at Erie
County Instrument No. 2021-033332, containing 0.409 acres of land,
bounded and described as follows, to-wit:

BEING the same premises commonly known as Lot A1 of the Subdivision
Plan for Lands of Connors & Adams as prepared by Rabell Surveying
& Engineering, a division of Lennon, Smith, and Souleret
Engineering, and recorded at Erie County Recorder of Deeds
Instrument No. 2021-032480 on December 8, 2021.

Said parcel containing 3.041 total combined acres or 2.730 net
combined acres, being the COMBINATION of Lands of Donald C. & Julia
M. Connors as shown on a Subdivision Plan for Lands of Connors &
Adams as prepared by Rabell Surveying & Engineering, a division of
Lennon, Smith, and Souleret Engineering, and recorded at Erie
County Recorder of Deeds Instrument No. 2021-032480 on December 8,
2021.

SAID premises are further identified as Erie County Assessment
Index No. (39) 12-38-23.01, and commonly known as 14344 Ridge Road,
West Springfield, Pennsylvania.

Erie County PA Recorder of Deeds   Inst. #: 2022-016620   8/1/2022 2:21:43 PM

BEING the same premises conveyed to parties of the first part by deed dated December 7, 2021, and recorded in Erie County Recorder of Deeds Instrument No. 2021-033334 on December 17, 2021.

THIS DEED is taken under and subject to easements, restrictions and rights of way of record and/or those that are visible by a physical inspection of the premises.

PARTY/PARTIES of the first part has/have no actual knowledge of any hazardous waste, as defined in Act No. 1980-97 of the Commonwealth of Pennsylvania, having been or presently being disposed of on or about the property described in this deed.

**Erie County PA Recorder of Deeds    Inst. #: 2022-016620    8/1/2022 2:21:43 PM**

TOGETHER, with all and singular the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues and profits thereof; and also, all the estate and interest whatsoever of the said party(ies) of the first part, in law or equity, of, in, to or out of the same;

TO HAVE AND TO HOLD the same, together with the premises hereby granted, or intended so to be, unto the said party(ies) of the second part, his/her/their/its heirs/successors, and assigns, to the use of the said party(ies) of the second part, his/her/their/its heirs/successors and assigns forever. And the said party(ies) of the first part, his/her/their/its heirs/successors, executors and administrators, do/does thereby covenant and agree to and with the said party(ies) of the second part, his/her/their/its heirs/successors and assigns, that the said party(ies) of the first part, his/her/their/its heirs/successors, and assigns, all the above, together with the above-mentioned and described premises, unto the said party(ies) of the second part, his/her/their/its heirs/successors and assigns; against the said party(ies) of the first part and his/her/their/its heirs/successors and assigns and against all and every other person or persons whomsoever lawfully claiming or to claim the same shall and will **specially** warrant and forever defend by these presents.

*IN WITNESS WHEREOF,* the party(ies) of the first part has/have signed this deed the date above written.

SIGNED, SEALED and DELIVERED
in the presence of

_____          *Donald C Connors*
Witness                                    Donald C. Connors

_____          *Julia M Connors*
Witness                                    Julia M. Connors

COMMONWEALTH OF PENNSYLVANIA          )
                                      )
COUNTY OF ERIE                        )

On this 29th day of July, 2022, before me, a Notary Public, the undersigned officer, personally appeared Donald C. Connors and Julia M. Connors, husband and wife, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission expires:

                         *Valerie H. Kuntz*
                         Notary Public

> Commonwealth of Pennsylvania – Notary Seal
> Valerie H Kuntz, Notary Public
> Erie County
> My Commission Expires May 20, 2023
> Commission Number 1352005

I, Richard A. Blakely, Esquire, hereby certify that the residence of the within named Grantee(s) is:

14344 Ridge Road, W. Springfield, PA 16443.

                         *R A Blkly*
                         Return to:
                         Richard A. Blakely, Esquire

G:\Applic\Wpfiles\REALEST\DEEDS\Connors.wpd

Erie County PA Recorder of Deeds   Inst. #: 2022-016620   8/1/2022 2:21:43 PM

**2022-016620**

# ERIE COUNTY CLERK OF RECORDS
RECORDER OF DEEDS DIVISION

Aubrea Hagerty-Haynes,
Clerk of Records

Erie County Courthouse I 140 W. Sixth St., Suite 121, Erie, PA 16501 I Phone: 814-451-6246
Fax: 814-451-6213 I www.eriecountypa.gov I recorder@eriecountypa.gov

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

Instrument Number: 2022-016620

Instrument Type:  DEED

Record Date:  8/01/2022

Record Time:  02:21:43

Receipt No.:  1325649

```
        Receipt Distribution
Fee/Tax Description        Payment Amount

DEED                         13.00
DEED - WRIT                    .50
DEED - RTT STATE           2,360.00
NORTHWESTERN S.D.          1,180.00
SPRINGFIELD TWP            1,180.00
LOW INCOME HOUSING            13.00
BLIGHTED PROP/DEMO            14.25
J.C.S. / A.T.J               40.25
CO REC MGT ACCT               2.00
ROD REC MGT ACCT              3.00
                         ----------------
Check# 7388               $4,806.00

Total Received.........   $4,806.00
```

Recording Page Count:     5

Paid By Remarks: CARDINAL/HALPAINY/TM

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

AUBREA HAGERTY-HAYNES
ERIE COUNTY CLERK OF RECORDS

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

This Instrument Prepared By:
United Wholesale Mortgage, LLC
585 South Boulevard E
Pontiac, MI 48341
 (800) 981-8898

After Recording Return To:
UNITED WHOLESALE MORTGAGE, LLC
585 SOUTH BOULEVARD E
PONTIAC, MI 48341
ATTN: POST CLOSING MANAGER
Loan Number: 1222402338

Uniform Parcel Identifier Number:
39012038002301
Property Address:
14344 Ridge Rd
W Springfield, Pennsylvania 16443

*Springfield Twp*

———————————————————— [Space Above This Line For Recording Data] ————————

FHA Case No:    **MORTGAGE**
442-5154200-703

MIN:100032412224023389    MERS Phone: 888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined
in Sections 3, 10, 12, 17, 19 and 20.  Certain rules regarding the usage of words used in this
document are also provided in Section 15.

(A)  "Security Instrument" means this document, which is dated    July 29, 2022    ,
together with all Riders to this document.
(B)  "Borrower" is    Brian K. Halpainy and Stephanie Halpainy, Husband and
Wife, As Joint Tenants with Full Rights of Survivorship

Borrower is the mortgagor under this Security Instrument.

DocMagic eForms
50015700710000000-1222402338-ED



*Cardinal 118*

**(C)** "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026 and a street address of 1901 E. Voorhees Street, Suite C, Danville, IL 61834. MERS telephone number is (888) 679-MERS.

**(D)** "**Lender**" is United Wholesale Mortgage, LLC

Lender is a **LIMITED LIABILITY COMPANY** organized and existing under the laws of **MICHIGAN**
Lender's address is 585 South Boulevard E, Pontiac, Michigan 48341. tel.(800) 981-8898

**(E)** "**Note**" means the promissory note signed by Borrower and dated July 29 2022 . The Note states that Borrower owes Lender TWO HUNDRED THIRTY-ONE THOUSAND SEVEN HUNDRED TWENTY-FIVE AND 00/100 Dollars (U.S. $ 231,725.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 1, 2052

**(F)** "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)** "**Loan**" means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)** "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider          ☐ Planned Unit Development Rider
☐ Condominium Rider              ☐ Other(s) [specify]

**(I)** "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)** "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

EXHIBIT
A

ALL that certain piece or parcel of land situate in the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at the southeast corner of lands herein described, at a point in the centerline of U.S. Route 20, said point also being the southwest corner of lands now or formerly of Dominic A. and Lidano L., Jr. Adiutori as described in Deed Book 940, Page 157, and said point being distant South 84° 09' West, 165.54 feet from the intersection of the centerline of U.S. Route 20 and S.R. 0005;

THENCE from said point of beginning the following courses:

1.  South 84° 09' West along the centerline of U.S. Route 20, a distance of 185.69 feet to a point, said point being the southwest corner of lands herein described and also the southeast corner of lands now or formerly of John G. & Sue Joan Williams as described in Deed Book 1292, Page 568;

2.  THENCE, North 0° 09' East along said lands of Williams and along the residue of lands now or formerly of L.I. LaDuca and C.L. Maxon (as conveyed to the Commonwealth of Pennsylvania), passing over an iron survey pin at a distance of 40.84 feet, a total distance of 417.50 feet to an iron survey pin, said point being the northwest corner of lands herein described;

3.  THENCE South 89° 51' East, along said residue of lands, a distance of 184.67 feet to an iron survey pin located on the west line of the aforementioned lands now or formerly of Adiutori, said point being the northeast corner of lands herein described;

4.  THENCE, South 0° 09' West along said lands now or formerly of Adiutori, passing over an iron survey pin at a distance of 357.40 feet, a total distance of 398.39 feet to the point of beginning.

HAVING erected thereon a two story frame house, garage and sheds.

SAID parcel being the same as that shown on the L.I. LaDuca/C.L. Maxon, Jr. Subdivision Map dated March 5, 1991, and recorded in Erie County Map Book 38 at Page 10 on May 22, 1991.

ALSO, All that certain piece or parcel of land situate in the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, being Lot B of the Subdivision of Lands of Donald C. & Julia M. Connors as prepared by Robert L. Rabell, Surveying & Engineering, dated July 18, 2005 and recorded in the office of the Recorder of Deeds for Erie County, Pennsylvania as Map No. 2005-214 on September 8, 2005.

EXCEPTING THEREFROM, ALL that certain piece or parcel of land situate in the Township of Springfield, County of Erie and Commonwealth of Pennsylvania, conveyed to Craig L. Adams and Amanda E. Adams, his wife, by deed recorded December 17, 2021 at Erie County Instrument No. 2021-033332, containing 0.409 acres of land, bounded and described as follows, to-wit:

BEING the same premises commonly known as Lot A1 of the Subdivision Plan for Lands of Connors & Adams as prepared by Rabell Surveying & Engineering, a division of Lennon, Smith, and Souleret Engineering, and recorded at Erie County Recorder of Deeds Instrument No. 2021-032480 on December 8, 2021.

Said parcel containing 3.041 total combined acres or 2.730 net combined acres, being the COMBINATION of Lands of Donald C. & Julia M. Connors as shown on a Subdivision Plan for Lands of Connors & Adams as prepared by Rabell Surveying & Engineering, a division of Lennon, Smith, and Souleret Engineering, and recorded at Erie County Recorder of Deeds Instrument No. 2021-032480 on December 8, 2021.

SAID premises are further identified as Erie County Assessment Index No. (39) 12-38-23.01, and commonly known as 14344 Ridge Road, West Springfield, Pennsylvania.

**(K)** **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** **"Escrow Items"** means those items that are described in Section 3.

**(M)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** **"Secretary"** means the Secretary of the United States Department of Housing and Urban Development or his designee.

**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the

| COUNTY | of | ERIE | : |
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

PENNSYLVANIA FHA MORTGAGE - MERS
PAMTGZ2.FHA  10/04/2018

DocMagic *eForms*
SB81578271000000-1222402338-ED



Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

See Attached
A.P.N.: 39012038002301

which currently has the address of     **14344 Ridge Rd**
[Street]
**W Springfield**    , Pennsylvania     **16443**     ("Property Address"):
[City]               [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's

Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority:

First, to the Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly mortgage insurance premiums;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and, Fifth, to late charges due under the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay




Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.




Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

**4.    Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

**5.    Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.




Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.   **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that this requirement shall cause undue hardship for the Borrower or unless extenuating circumstances exist which are beyond Borrower's control.





7.   **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

If condemnation proceeds are paid in connection with the taking of the property, Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts, and then to payment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments or change the amount of such payments.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.   **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.   **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows,



drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

DocMagic eForms
5881578071000000000-1222402338-ED

Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.




**Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM**

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

13. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. Lender may collect fees and charges authorized by the Secretary. Lender may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment with no changes in the due date or in the monthly payment amount unless the Note holder agrees in writing to those changes. Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

14. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

15. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.



Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to reinstatement of a mortgage. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. However, Lender is not required to reinstate if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings; (ii) reinstatement will preclude foreclosure

Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

**20. Borrower Not Third-Party Beneficiary to Contract of Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower acknowledges and agrees that the Borrower is not a third party beneficiary to the contract of insurance between the Secretary and Lender, nor is Borrower entitled to enforce any agreement between Lender and the Secretary, unless explicitly authorized to do so by Applicable Law.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which,




Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.



Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

**24. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Effect of Survival Events.** Both before and after any Survival Event, as defined below, Borrower shall:

(a) pay Funds for Escrow Items or pay Escrow Items directly as provided in Section 3 of this Security Instrument;

(b) pay the amounts and take the actions required by Section 4 of this Security Instrument;

(c) maintain insurance coverages and take the other actions required by Section 5 of this Security Instrument;

(d) maintain, repair and restore the Property and take the other actions required by Section 7 of this Security Instrument;

(e) if this Security Instrument is on a leasehold, comply with all the provisions of the lease;

(f) treat any amounts disbursed by Lender under Section 9 of this Security Instrument as additional debt of Borrower secured by this Security Instrument;

(g) maintain and pay the premiums for Mortgage Insurance, or make payments to Lender if Mortgage Insurance coverage is not available, and take the other actions required by Section 10 of this Security Instrument;

(h) permit the collection and application of miscellaneous proceeds as required by Section 11 of this Security Instrument;

(i) pay the fees required by Section 14 of this Security Instrument;

(j) continue to abide by the restrictions and take the actions required by Section 21 of this Security Instrument;

(k) pay any collection expenses under Section 22 of this Security Instrument; and

(l) pay interest at the rate payable from time to time under the Note. "Survival Event" means any of the following:

    (a) any default described in the Note;

    (b) Lender requiring Borrower to pay immediately the full amount of Principal which has not been paid and all the interest that Borrower owes on that amount under the Note;

    (c) Lender requiring immediate payment in full of all sums secured by this Security Instrument as described in the Note and Sections 18 and 22 of this Security Instrument;

    (d) the Maturity Date as defined in the Note;



(e)   the entry of any judgment against Borrower under the Note; and
(f)   the entry of any judgment under this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
Brian K. Halpainy          -Borrower          Stephanie Halpainy          -Borrower



**Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM**

———————————— [Space Below This Line For Acknowledgment] ————————————

State of __PENNSYLVANIA__

County of __ERIE_____

This record was acknowledged before me on _____ July 29, 2022 _____ by
(date)

__Brian K. Halpainy AND Stephanie Halpainy__


_____

(name(s) of individual(s))

```
Commonwealth of Pennsylvania - Notary Seal
Richard A. Blakely, Notary Public
Erie County
My commission expires February 28, 2026
Commission number 1012730
```

_____
Signature of notarial officer

_____
Title of office

My commission expires: _____

(Stamp)


Loan Originator: Megan Marsh, NMLSR ID 134230
Loan Originator Organization: Munar Mortgage LLC, NMLSR ID 1219828
Loan Originator Organization: UNITED WHOLESALE MORTGAGE, LLC, NMLSR
ID 3038

PENNSYLVANIA FHA MORTGAGE - MERS                                          DocMagic eForms
PAMTGZ2.FHA  10/04/2018                                          54815780710000000-1222402338-ED
                              Page 18 of 19



Erie County PA Recorder of Deeds   Inst. #: 2022-016621   8/1/2022 2:22:23 PM

### Certificate of Residence of Mortgagee

The undersigned hereby certifies that: (i) he/she is the Mortgagee or the duly authorized attorney or agent of the Mortgagee named in the within instrument; and (ii) Mortgagee's precise residence is:   1901 E Voorhees Street, Suite C, Danville, IL 61834

Witness my hand this _29th_ day of _July 2022_.



Signature of Mortgagee or
Mortgagee's Duly Authorized Attorney or Agent

Scott Slezak
Type or Print Name of Mortgagee or
Mortgagee's Duly Authorized Attorney or Agent

Erie County PA Recorder of Deeds    Inst. #: 2022-016621    8/1/2022 2:22:23 PM

**2022-016621**

# ERIE COUNTY CLERK OF RECORDS
RECORDER OF DEEDS DIVISION

Aubrea Hagerty-Haynes,
Clerk of Records

Erie County Courthouse I 140 W. Sixth St., Suite 121, Erie, PA 16501 I Phone: 814-451-6246
Fax: 814-451-6213 I www.eriecountypa.gov I recorder@eriecountypa.gov

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

| | | | |
|---|---|---|---|
| Instrument Number: 2022-016621 | RECEIPT FOR PAYMENT | Record Date: | 8/01/2022 |
| Instrument Type:  MORTGAGE | | Record Time: | 02:22:23 |
| | | Receipt No.: | 1325650 |

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| MORTGAGE | 45.00 |
| MORTGAGE-WRIT | .50 |
| LOW INCOME HOUSING | 13.00 |
| BLIGHTED PROP/DEMO | 14.25 |
| J.C.S. / A.T.J | 40.25 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| | --------------- |
| Cash | $2.00 |
| Check# 7388 | $116.00 |
| | |
| Total Received.......... | $118.00 |

Recording Page Count:    21

Paid By Remarks: CARDINAL/HALPAINY/TM

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Aubrea Hagerty-Haynes*

AUBREA HAGERTY-HAYNES
ERIE COUNTY CLERK OF RECORDS

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

Record and Return To:
M&T Bank
Assignments Department
PO BOX 1596
Buffalo, NY 14240

Property Address: **14344 RIDGE
RD, W SPRINGFIELD, PA
16443**
Loan #: **0105877831**
MIN: **100032412224023389**
MERS Phone #: **(888) 679-6377**

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, LLC, ITS SUCCESSORS AND ASSIGNS , P.O. BOX 2026, FLINT, MI 48501 1-888-679-6377**, by these presents does convey, assign, and transfer and set over to: **LAKEVIEW LOAN SERVICING, LLC, 4425 PONCE DE LEON BLVD CORAL GABLES, FL 33146**, the following described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$231725.00** is recorded in the State of **PENNSYLVANIA**, County of **Erie** Official Records, dated **07/29/2022** and recorded on **08/01/2022**, as Instrument No. **2022-016621** in Book No. N/A, at Page No. N/A

Original Mortgagor: **BRIAN K. HALPAINY and STEPHANIE HALPAINY, HUSBAND AND WIFE, AS JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP**
Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, LLC, ITS SUCCESSORS AND ASSIGNS**
Municipality: **Township of SPRINGFIELD**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC is at 11819 Miami St., Suite 100, Omaha, NE 68164
P.O. BOX 2026, FLINT, MI 48501-2026
Date: **08/16/2023**.

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
MORTGAGEE, AS NOMINEE FOR UNITED
WHOLESALE MORTGAGE, LLC, ITS
SUCCESSORS AND ASSIGNS**

By: *Tammy M. Hamilton*
Name: **Tammy M. Hamilton**
Title: **Vice President**

STATE OF New York } s.s.
COUNTY OF ERIE

On 08/16/2023, before me, Jillian Keitz, Notary Public, personally appeared **Tammy M. Hamilton**, **Vice President** of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, LLC, ITS SUCCESSORS AND ASSIGNS** , personally known to me (or proved to me the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she/he/they executed the same in her/his/their authorized capacity(ies), and that by her/his/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_(signature)_

Notary Public: Jillian Keitz
My Commission Expires: **03/04/2027**
Commission #: **01KE6388266**

JILLIAN KEITZ
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01KE6388266
COMM. EXP. 03/04/2027

I do certify that the precise address of **LAKEVIEW LOAN SERVICING, LLC** is **4425 PONCE DE LEON BLVD CORAL GABLES, FL 33146**

Attested By:

_(signature)_

**Tammy M. Hamilton, Vice President**



# ERIE COUNTY CLERK OF RECORDS
## RECORDER OF DEEDS DIVISION

Aubrea Hagerty-Haynes,
Clerk of Records

Erie County Courthouse I 140 W. Sixth St., Suite 121, Erie, PA 16501 I Phone: 814-451-6246
Fax: 814-451-6213 I www.eriecountypa.gov I recorder@eriecountypa.gov

**2023-013509**

### Certification Page
# DO NOT DETACH
### This page is now part of this legal document.

| | |
|---|---|
| Instrument Number: 2023-013509 | Record Date: 8/16/2023 |
| Instrument Type: ASSIGNMENT/MORTGAG | Record Time: 09:05:44 |
| Indexed Party: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC AS MORTGAGEE | Receipt No.: 1350493 |

---     ---

### Receipt Distribution
| Fee/Tax Description | Payment Amount |
|---|---|
| ASSIGNMENT/MORTGAG | 13.00 |
| ASSIGN/MORT- WRIT | .50 |
| J.C.S. / A.T.J | 19.00 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| | ---------------- |
| ACH Transaction | $37.50 |
| Total Received........ | $37.50 |

Recording Page Count:   3

Paid By Remarks: Filed Electronically

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*[signature]*

AUBREA HAGERTY-HAYNES
ERIE COUNTY CLERK OF RECORDS

**NOTE:**  Some information subject to change during the verification process and may not be reflected on this page.

**Prepared By:**
**M&T BANK**
**475 CROSSPOINT PKWY**
**GETZVILLE, NY 14068**


**After Recording Please Return To:**
**SERVICELINK**
**ATTN:    LOAN    MODIFICATION**
**SOLUTIONS**
**320 COMMERCE, SUITE 100**
**IRVINE, CA 92602**
**800-777-8759**

Property Address:
**14344 RIDGE RD**
**W SPRINGFIELD, PA 16443**

UPI/PIN/Tax ID: 39012038002301

———————————— *[Space Above This Line For Recording Data]* ————————————

Investor Loan No: 0232732103          24002822  ~ m+          Loan No.: 0105877831
FHA Case #: 4425154200703

15514229

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **January 17, 2024**. The Mortgagor is
**BRIAN K. HALPAINY AND STEPHANIE HALPAINY, HUSBAND AND WIFE, AS
TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP**
Whose address is **14344 RIDGE RD, W SPRINGFIELD, PA 16443**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban
Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender").
Borrower owes Lender the principal sum of **Eleven Thousand Nine Hundred Forty Seven
and 31/100ths** Dollars (U.S. **$11,947.31**). This debt is evidenced by Borrower's note dated the
same date as this Security Instrument ("Note"), which provides for the full debt, if not paid
earlier, due and payable on **August 1, 2052**. This Security Instrument secures to Lender: (a) the

---

Pennsylvania Mortgage-Single Family                Page 1 of 10                14631PA 09/20



*0105877831*

repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in ERIE County, PENNSYLVANIA:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **14344 RIDGE RD, W SPRINGFIELD, PA 16443**, ("Property Address");

This Mortgage is subordinate to the Mortgage between **BRIAN K. HALPAINY AND STEPHANIE HALPAINY, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP** (Borrower), and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, LLC** (Lender), dated **July 29, 2022** and recorded on **August 1, 2022** in the real property records of **ERIE** County in Book, Volume, or Liber No. N/A, at Page N/A (or as Instrument Number **2022-016621**)in the amount of **$231,725.00**, as assigned and/or modified, if applicable.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

Pennsylvania Mortgage-Single Family                    Page 2 of 10                    14631PA 09/20



\* 0 1 0 5 8 7 7 8 3 1 \*

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any

---



*0105877831*

provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the



fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **January 17, 2024** between **BRIAN K. HALPAINY AND STEPHANIE HALPAINY, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP**, Secretary of Housing and Urban Development.



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Borrower    - **BRIAN K. HALPAINY**          Date: 01/22/2024

Borrower    - **STEPHANIE HALPAINY \*SIGNING**       Date: 01/27/2024
**SOLELY TO ACKNOWLEDGE THIS
AGREEMENT, BUT NOT TO INCUR ANY
PERSONAL LIABILITY FOR THE DEBT**

Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410.**

**M&T Bank in its capacity as Servicer/Agent for Secretary of Housing and Urban Development**

By: 

Garry Codick
Assistant Vice President

Title: _____

---

*0 1 0 5 8 7 7 8 3 1 *

## ACKNOWLEDGMENT

State of _Pennsylvania_      §
                       §

County of _Erie_          §

On this ___27___ day of ___January___, ___2024___, before me, the undersigned officer, personally appeared **BRIAN K. HALPAINY AND STEPHANIE HALPAINY**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he (or they) executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_Michael J Bull_
Signature of Officer

_Michael T. Bull_
Printed Name

_Notary Public_
Title of Officer

| Commonwealth of Pennsylvania - Notary Seal |
| Michael T Bull, notary Public |
| Erie County |
| My commission expires March 3, 2024 |
| Commission number 1239824 |

(Seal)

My Commission Expires: ___03/03/2024___

**Loan Originator Organization: LAKEVIEW LOAN SERVICING, LLC, NMLSR ID: N/A**
**Individual Loan Originator's Name NMLSR ID: N/A**



*0105877831*

EXHIBIT A

BORROWER(S): BRIAN K. HALPAINY AND STEPHANIE HALPAINY, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP

LOAN NUMBER: 0105877831

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF ERIE, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWNSHIP OF SPRINGFIELD, COUNTY OF ERIE AND COMMONWEALTH OF PENNSYLVANIA, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF LANDS HEREIN DESCRIBED, AT A POINT IN THE CENTERLINE OF U.S. ROUTE 20, SAID POINT ALSO BEING THE SOUTHWEST CORNER OF LANDS NOW OR FORMERLY OF DOMINIC A. AND LIDANO L., JR. ADIUTORI AS DESCRIBED IN DEED BOOK 940, PAGE 157, AND SAID POINT BEING DISTANT SOUTH 84° 09' WEST, 165.54 FEET FROM THE INTERSECTION OF THE CENTERLINE OF U.S. ROUTE 20 AND S.R. 0005;

THENCE FROM SAID POINT OF BEGINNING THE FOLLOWING COURSES:

1. SOUTH 84° 09' WEST ALONG THE CENTERLINE OF U.S. ROUTE 20, A DISTANCE OF 185.69 FEET TO A POINT, SAID POINT BEING THE SOUTHWEST CORNER OF LANDS HEREIN DESCRIBED AND ALSO THE SOUTHEAST CORNER OF LANDS NOW OR FORMERLY OF JOHN G. & SUE JOAN WILLIAMS AS DESCRIBED IN DEED BOOK 1292, PAGE 568;

2. THENCE, NORTH 0° 09' EAST ALONG SAID LANDS OF WILLIAMS AND ALONG THE RESIDUE OF LANDS NOW OR FORMERLY OF L.I. LADUCA AND C.L. MAXON (AS CONVEYED TO THE COMMONWEALTH OF PENNSYLVANIA), PASSING OVER AN IRON SURVEY PIN AT A DISTANCE OF 40.84 FEET, A TOTAL



* 0 1 0 5 8 7 7 8 3 1 *

DISTANCE OF 417.80 FEET TO AN IRON SURVEY PIN, SAID POINT BEING THE NORTHWEST CORNER OF LANDS HEREIN DESCRIBED;

3. THENCE SOUTH 89° 51' EAST, ALONG SAID RESIDUE OF LANDS, A DISTANCE OF 184.67 FEET TO AN IRON SURVEY PIN LOCATED ON THE WEST LINE OF THE AFOREMENTIONED LANDS NOW OR FORMERLY OF ADIUTORI, SAID POINT BEING THE NORTHEAST CORNER OF LANDS HEREIN DESCRIBED;

4. THENCE, SOUTH 0° 09' WEST ALONG SAID LANDS NOW OR FORMERLY OF ADIUTORI, PASSING OVER AN IRON SURVEY PIN AT A DISTANCE OF 357.40 FEET, A TOTAL DISTANCE OF 398.39 FEET TO THE POINT OF BEGINNING.

HAVING ERECTED THEREON A TWO STORY FRAME HOUSE, GARAGE AND SHEDS.

SAID PARCEL BEING THE SAME AS THAT SHOWN ON THE L.I. LADUCA/C.L. MAXON, JR. SUBDIVISION MAP DATED MARCH 5, 1991, AND RECORDED IN ERIE COUNTY MAP BOOK 38 AT PAGE 10 ON MAY 22, 1991.

ALSO, ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWNSHIP OF SPRINGFIELD, COUNTY OF ERIE AND COMMONWEALTH OF PENNSYLVANIA, BEING LOT B OF THE SUBDIVISION OF LANDS OF DONALD C. & JULIA M. CONNORS AS PREPARED BY ROBERT L. REBELL, SURVEYING & ENGINEERING, DATED JULY 18, 2005 AND RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS FOR ERIE COUNTY, PENNSYLVANIA AS MAP NO. 2005-214 ON SEPTEMBER 8, 2005.

EXCEPTING THEREFROM, ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWNSHIP OF SPRINGFIELD, COUNTY OF ERIE AND COMMONWEALTH OF PENNSYLVANIA, CONVEYED TO CRAIG L. ADAMS AND AMANDA E. ADAMS, HIS WIFE, BY DEED RECORDED DECEMBER 17, 2021 AT ERIE COUNTY INSTRUMENT NO. 2021-033332, CONTAINING 0.409 ACRES OF LAND, BOUNDED AND DESCRIBED AN FOLLOWS, TO-WIT:

BEING THE SAME PREMISES COMMONLY KNOWN AS LOT A1 OF THE SUBDIVISION PLAN FOR LANDS OF CONNORS & ADAMS AS PREPARED BY RABELL SURVEYING & ENGINEERING, A DIVISION OF LENNON, SMITH, AND



*01058777831*

SOULERET ENGINEERING, AND RECORDED AT ERIE COUNTY RECORDER OF DEEDS INSTRUMENT NO. 2021-032480 ON DECEMBER 8, 2021.

SAID PARCEL CONTAINING 3.041 TOTAL COMBINED ACRES OR 2.730 NET COMBINED ACRES, BEING THE COMBINATION OF LANDS OF DONALD C. & JULIA M. CONNORS AS SHOWN ON A SUBDIVISION PLAN FOR LANDS OF CONNORS & ADAMS AS PREPARED BY RABELL SURVEYING & ENGINEERING, A DIVISION OF LENNON, SMITH, AND SOULERET ENGINEERING, AND RECORDED AT ERIE COUNTY RECORDER OF DEEDS INSTRUMENT NO. 2021-032480 ON DECEMBER 8, 2021.

SAID PREMISES ARE FURTHER IDENTIFIED AS ERIE COUNTY ASSESSMENT INDEX NO. (39) 12-38-23.01, AND COMMONLY KNOWN AS 14344 RIDGE ROAD, WEST SPRINGFIELD, PENNSYLVANIA.

UPI/PIN/Tax ID: 39012038002301

ALSO KNOWN AS: 14344 RIDGE RD, W SPRINGFIELD, PA 16443



*01058778 31*



**2024-002203**

# ERIE COUNTY CLERK OF RECORDS
## RECORDER OF DEEDS DIVISION

Aubrea Hagerty-Haynes,
Clerk of Records

Erie County Courthouse I 140 W. Sixth St., Suite 121, Erie, PA 16501 I Phone: 814-451-6246
Fax: 814-451-6213 I www.eriecountypa.gov I recorder@eriecountypa.gov

### Certification Page
## DO NOT DETACH
### This page is now part of this legal document.

| | | |
|---|---|---|
| Instrument Number: 2024-002203 | Record Date: | 2/12/2024 |
| Instrument Type: MORTGAGE | Record Time: | 08:12:00 |
| Indexed Party: KHALPAINY BRIAN | Receipt No.: | 1362061 |

---

```
       Receipt Distribution
Fee/Tax Description        Payment Amount

MORTGAGE                        13.00
MORTGAGE-WRIT                     .50
LOW INCOME HOUSING              13.00
BLIGHTED PROP/DEMO             14.25
J.C.S. / A.T.J                 40.25
CO REC MGT ACCT                 2.00
ROD REC MGT ACCT                3.00
EXTRA PAGES                    12.00
                        ----------------
ACH Transaction                $98.00

Total Received........         $98.00
```

Recording Page Count:    11

Paid By Remarks: Filed Electronically

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Aubrea Hagerty-Haynes*

AUBREA HAGERTY-HAYNES
ERIE COUNTY CLERK OF RECORDS

**NOTE:** Some information subject to change during the verification process and may not be reflected on this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *25-10719 JCM* |
| (if known) | |

☐ Check if this is an
   amended filing

# Official Form 106C
# Schedule C: The Property You Claim as Exempt                    4/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:**   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *14344 West Ridge Road West Springfield, PA 16443  Erie County* Line from Schedule A/B: **1.1** | $236,000.00 | ■  $2,903.39 <br> ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(1)* |
| *2024 Mitsubishi Mirage 31,094.0 miles* Line from Schedule A/B: **3.1** | $12,000.00 | ■  $0.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| *2013 GMC Sierra 125,000 miles* Line from Schedule A/B: **3.2** | $1,200.00 | ■  $1,200.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| *1984 Dodge Omni 72,000 miles* Line from Schedule A/B: **3.3** | $200.00 | ■  $200.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| *Usual and Ordinary Household Goods and Furnishing* Line from Schedule A/B: **6.1** | $3,600.00 | ■  $3,600.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |

| Debtor 1 | **Brian Keith Halpainy** | | |
| Debtor 2 | **Stephanie Diane Halpainy** | Case number (if known) | **25-10719 JCM** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Usual and Ordinary Electronics**<br>Line from *Schedule A/B*: **7.1** | *$450.00* | ■ *$450.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| **Paintball Equipment**<br>Line from *Schedule A/B*: **9.1** | *$400.00* | ■ *$400.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Craft Tools**<br>Line from *Schedule A/B*: **9.2** | *$50.00* | ■ *$50.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Craft Equipment**<br>Line from *Schedule A/B*: **9.3** | *$200.00* | ■ *$200.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Four shotguns**<br>Line from *Schedule A/B*: **10.1** | *$350.00* | ■ *$350.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Two handguns**<br>Line from *Schedule A/B*: **10.2** | *$150.00* | ■ *$150.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Two Rifles**<br>Line from *Schedule A/B*: **10.3** | *$300.00* | ■ *$300.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Usual and Ordinary wearing apparel**<br>Line from *Schedule A/B*: **11.1** | *$300.00* | ■ *$300.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| **Costume Jewelry**<br>Line from *Schedule A/B*: **12.1** | *$75.00* | ■ *$75.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(4)* |
| **Husbands Wedding Ring**<br>Line from *Schedule A/B*: **12.2** | *$150.00* | ■ *$150.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(4)* |
| **Wifes Wedding Ring**<br>Line from *Schedule A/B*: **12.3** | *$750.00* | ■ *$750.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(4)* |

| Debtor 1 | *Brian Keith Halpainy* | |
|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number (if known) *25-10719 JCM* |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *Two necklace sets*<br>Line from *Schedule A/B*: **12.4** | *$120.00* | ☑ *$120.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(4)* |
| *One dog*<br>Line from *Schedule A/B*: **13.1** | *$1.00* | ☑ *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Six Cats*<br>Line from *Schedule A/B*: **13.2** | *$6.00* | ☑ *$6.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Three Reptiles*<br>Line from *Schedule A/B*: **13.3** | *$3.00* | ☑ *$3.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Cash*<br>Line from *Schedule A/B*: **16.1** | *$38.00* | ☑ *$38.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Savings: Joint Interlake Federal Credit Union*<br>Line from *Schedule A/B*: **17.1** | *$2,200.00* | ☑ *$2,200.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Savings: Joint Interlake Federal Credit Union*<br>Line from *Schedule A/B*: **17.4** | *$5.00* | ☑ *$5.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Pension: Husband's Pepsi Pension*<br>Line from *Schedule A/B*: **21.1** | *$1.00* | ☑ *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Federal: Joint 2025 IRS Refund*<br>Line from *Schedule A/B*: **28.1** | *$2,000.00* | ☑ *$2,000.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| *Pepsi Term Life in the face amount of $180,000.00*<br>*Beneficiary: Wife*<br>Line from *Schedule A/B*: **31.1** | *$1.00* | ☑ *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |
| *Pepsi Term Life in the face amount of $25,000.00*<br>*Beneficiary: Husband*<br>Line from *Schedule A/B*: **31.2** | *$1.00* | ☑ *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |

| Debtor 1 | *Brian Keith Halpainy* | |
|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | |
| | Case number (if known) | *25-10719 JCM* |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *2022 Cargo Trailer*<br>Line from *Schedule A/B*: **35.1** | *$700.00* | ■  *$700.00*<br><br>☐  100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |

3. **Are you claiming a homestead exemption of more than $214,000?**
(Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

■  No

☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐  No

    ☐  Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *25-10719 JCM* |

☐ Check if this is an amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion**<br>If any |
| **2.1** *Captial One Auto Finance* | Describe the property that secures the claim: | $16,280.00 | $12,000.00 | $4,280.00 |
| Creditor's Name | *2024 Mitsubishi Mirage 31,094.0 miles* | | | |

*PO Box 60511*
*City of Industry, CA 91760*
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred**  *1/2/2025*          **Last 4 digits of account number** _____

| Debtor 1 | **Brian Keith Halpainy** | | | Case number (if known) | **25-10719 JCM** |
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | **Stephanie Diane Halpainy** | | | | |
| | First Name | Middle Name | Last Name | | |

---

**2.2** | **Erie County Tax Claim Bureau** | | Describe the property that secures the claim: | **$1.00** | **$236,000.00** | **$1.00**

Creditor's Name

**Erie County Courthouse
140 West Sixth Street
Room 110
Erie, PA 16501**

Number, Street, City, State & Zip Code

| 14344 West Ridge Road West
Springfield, PA 16443  Erie County |

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred** _____    **Last 4 digits of account number** _____

---

**2.3** | **Mortgage Electronic Registration** | | Describe the property that secures the claim: | **$231,725.00** | **$236,000.00** | **$0.00**

Creditor's Name

**Systems, Inc.
ATTN: Bankruptcy Dept.
P.O. Box 2026
Flint, MI 48501-2026**

Number, Street, City, State & Zip Code

| 14344 West Ridge Road West
Springfield, PA 16443  Erie County |

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **First Mortgage**

**Date debt was incurred** _____    **Last 4 digits of account number** _____

---

Debtor 1  **Brian Keith Halpainy**

First Name    Middle Name    Last Name

Debtor 2  **Stephanie Diane Halpainy**

First Name    Middle Name    Last Name

Case number (if known)  **25-10719 JCM**

---

| 2.4 | **Secretary of Housing & Urban Development** | | $11,947.31 | $236,000.00 | $7,672.31 |

Creditor's Name

**451 7th Street
Washington, DC
27410-8000**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
community debt

Date debt was incurred _____

Describe the property that secures the claim:

**14344 West Ridge Road West
Springfield, PA 16443  Erie County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  *Second Mortgage*

Last 4 digits of account number _____

---

| 2.5 | **Springfield Township Tax Collector** | | $1.00 | $236,000.00 | $1.00 |

Creditor's Name

**13903 Ridge Road
West Springfield, PA
16443**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
community debt

Date debt was incurred _____

Describe the property that secures the claim:

**14344 West Ridge Road West
Springfield, PA 16443  Erie County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | $259,954.31 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $259,954.31 |

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

[  ]

Name, Number, Street, City, State & Zip Code

**Geraldine Linn, Esq.
KML Law Group
701 Market Street
Suite #5000
Philadelphia, PA 19106**

On which line in Part 1 did you enter the creditor?  **2.4**

Last 4 digits of account number ___

---

| Debtor 1 | **Brian Keith Halpainy** | | | Case number (if known) | **25-10719 JCM** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | **Stephanie Diane Halpainy** | | | | |
| | First Name | Middle Name | Last Name | | |

[ ]      Name, Number, Street, City, State & Zip Code

**Lakeview Loan Servicing, LLC**
**4425 Ponce De Leon Blvd.**
**Miami, FL 33146**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**M&T Bank**
**ATTN: Bankruptcy Dept.**
**PO Box 1508**
**Buffalo, NY 14240**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**M&T Bank**
**ATTN: Bankruptcy**
**1 Fountain Plaza**
**Buffalo, NY 14203**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**M&T Bank**
**ATTN: Bankruptcy**
**475 Crosspoint Parkway**
**Getzville, NY 14068**

On which line in Part 1 did you enter the creditor?   **2.4**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**MERS**
**ATTN: Bankruptcy Dept.**
**1901 Vorhees Street, Suite C**
**Danville, IL 61834**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**MERS**
**ATTN: Bankruptcy**
**11819 Miami Street, Suite #100**
**Omaha, NE 68164**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**ServiceLink**
**Attn: Loan Modification Solutions**
**320 Commerce, Suite 100**
**Irvine, CA 92602**

On which line in Part 1 did you enter the creditor?   **2.4**

Last 4 digits of account number ___

---

[ ]      Name, Number, Street, City, State & Zip Code

**United Wholesale Mortgage, LLC**
**585 South Blvd. East**
**Pontiac, MI 48341**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name                Middle Name                Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *25-10719 JCM* |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:      List All of Your PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☐ Yes.

**2.** **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** *Commonwealth of PA* | Last 4 digits of account number _____ | *$100.00* | *$100.00* | *$0.00* |

Priority Creditor's Name
*ATTN: Bankruptcy*
*625 Forster Street, Floor #2*
*Harrisburg, PA 17120*
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?**    *2024*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

### Part 2:      List All of Your NONPRIORITY Unsecured Claims

**3.** **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

**4.** **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

Debtor 1  **Brian Keith Halpainy**

Debtor 2  **Stephanie Diane Halpainy**

Case number (if known)  **25-10719 JCM**

---

| 4.1 | **Home Depot** | Last 4 digits of account number _____ | **$400.00** |

Nonpriority Creditor's Name

**P.O. Box 9001010**

**Louisville, KY 40290**

Number Street City State Zip Code

When was the debt incurred?  **2025**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Contingent

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card Purchases**

---

| 4.2 | **Inner Lakes Federal Credit Union** | Last 4 digits of account number _____ | **$1.00** |

Nonpriority Creditor's Name

**19-21 East Main Street**

**Westfield, NY 14787**

Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify _____

---

| 4.3 | **MOHELA/Dept of Education** | Last 4 digits of account number _____ | **$10,000.00** |

Nonpriority Creditor's Name

**ATTN: Bankruptcy**

**633 Spirit Drive**

**Chesterfield, MO 63005**

Number Street City State Zip Code

When was the debt incurred?  **1994**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify _____

*Student Loan*

---

Debtor 1   **Brian Keith Halpainy**

Debtor 2   **Stephanie Diane Halpainy**

Case number *(if known)*   **25-10719 JCM**

---

**4.4**   **Penelec**

Nonpriority Creditor's Name

**ATTN: Bankruptcy**

**P.O. Box 16001**

**Akron, OH 44309**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    **$18,877.86**

When was the debt incurred?    **2023**

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Utility**

---

**4.5**   **SYNCB/Lowes**

Nonpriority Creditor's Name

**P.O. Box 956005**

**Orlando, FL 32896**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    **$984.73**

When was the debt incurred?    **2024**

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card Purchases**

---

**4.6**   **SYNCB/Lowes**

Nonpriority Creditor's Name

**P.O. Box 956005**

**Orlando, FL 32896**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    **$1,000.00**

When was the debt incurred?    **2024**

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card Purchases**

---

Debtor 1  **Brian Keith Halpainy**

Debtor 2  **Stephanie Diane Halpainy**

Case number (if known)    **25-10719 JCM**

| 4.7 | **THD/CBNA** | Last 4 digits of account number _____ | $31.00 |

Nonpriority Creditor's Name

**PO Box 6497**

**Sioux Falls, SD 57117**

Number Street City State Zip Code

When was the debt incurred?    **2021**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  *Credit Card Purchases*

---

**Part 3:**    **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address

**Commonwealth of PA**
**Bureau of Compliance**
**ATTN:  Bankruptcy**
**625 Forster Street, Floor #2**
**Harrisburg, PA 17120**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.1** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

**Commonwealth of PA**
**Dept of Revenue /Compliance**
**Clearance Support Section**
**Dept 280948**
**Harrisburg, PA 17128**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.1** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

**First Energy**
**ATTN: Bankruptcy Department**
**6896 Miller Road**
**Brecksville, OH 44141**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

**Penelec**
**ATTENTION: Bankruptcy  Dept.**
**5404 Evans Road**
**Erie, PA 16509**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

**Penelec**
**PO Box 16001**
**Reading, PA 19612**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

**Penelec**
**P.O. Box 371422**
**Pittsburgh, PA 15250-7422**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | *25-10719 JCM* |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| *Penelec*<br>*ATTENTION: Bankruptcy Dept*<br>*101 Crawford's Corner Road*<br>*Building #1, Suite #1-511*<br>*Holmdel, NJ 07733* | Line *4.4* of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| *Sallie Mae*<br>*P.O. Box 3319*<br>*Wilmington, DE 19804-4319* | Line *4.3* of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| *Sallie Mae*<br>*ATTN: Bankruptcy*<br>*PO Box 3229*<br>*Wilmington, DE 19804-4319* | Line *4.3* of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| *SYNCB/Lowes*<br>*ATTN: Bankruptcy*<br>*4125 Windard Plaza*<br>*Alpharetta, GA 30005* | Line *4.5* of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| *SYNCB/Lowes*<br>*ATTN: Bankruptcy*<br>*4125 Winwrd Plaza*<br>*Alpharetta, GA 30005* | Line *4.5* of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

## Part 4:    Add the Amounts for Each Type of Unsecured Claim

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159.** Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 100.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 100.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 10,000.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 21,294.59 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 31,294.59 |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name            Middle Name            Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *25-10719 JCM* |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number    Street | |
| City          State          ZIP Code | |
| 2.2 | |
| Name | |
| Number    Street | |
| City          State          ZIP Code | |
| 2.3 | |
| Name | |
| Number    Street | |
| City          State          ZIP Code | |
| 2.4 | |
| Name | |
| Number    Street | |
| City          State          ZIP Code | |
| 2.5 | |
| Name | |
| Number    Street | |
| City          State          ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name                Middle Name                Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *25-10719 JCM* |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                                          12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** <br> Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** <br> Check all schedules that apply: |
|---|---|
| 3.1 _____ <br> Name <br><br> _____ <br> Number    Street <br> City                State            ZIP Code | ☐ Schedule D, line _____ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G, line _____ |
| 3.2 _____ <br> Name <br><br> _____ <br> Number    Street <br> City                State            ZIP Code | ☐ Schedule D, line _____ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G, line _____ |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| Debtor 2 (Spouse, if filing) | *Stephanie Diane Halpainy* |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | *25-10719 JCM* |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                           12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:       Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | *Service Rapiar/Technician* | *Cashier* |
| | Employer's name | *Grayhawk Leasing, LLC* | *Metz Culinary Management* |
| | Employer's address | *700 Andrson Hill Road*<br>*Purchase, NY 10577* | *2 Woodlawn Drive*<br>*Dallas, PA 18612* |
| | How long employed there? | *20 years* | *2 years* |

### Part 2:       Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $   *6,630.69* | $   *2,490.48* |
| 3. | Estimate and list monthly overtime pay. | 3. | +$   *0.00* | +$   *0.00* |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $   *6,630.69* | $   *2,490.48* |

Official Form 106I                                **Schedule I: Your Income**                                page 1

| | |
|---|---|
| Debtor 1 | **Brian Keith Halpainy** |
| Debtor 2 | **Stephanie Diane Halpainy** |

Case number *(if known)* **25-10719 JCM**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here** ............................................................ 4. | $ **6,630.69** | $ **2,490.48** |
| 5. | **List all payroll deductions:** | | |
| | 5a. **Tax, Medicare, and Social Security deductions** 5a. | $ **1,486.20** | $ **570.27** |
| | 5b. **Mandatory contributions for retirement plans** 5b. | $ **0.00** | $ **0.00** |
| | 5c. **Voluntary contributions for retirement plans** 5c. | $ **93.73** | $ **0.00** |
| | 5d. **Required repayments of retirement fund loans** 5d. | $ **0.00** | $ **0.00** |
| | 5e. **Insurance** 5e. | $ **648.44** | $ **30.72** |
| | 5f. **Domestic support obligations** 5f. | $ **0.00** | $ **0.00** |
| | 5g. **Union dues** 5g. | $ **0.00** | $ **0.00** |
| | 5h. **Other deductions.** Specify: 5h.+ | $ **0.00** + | $ **0.00** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. 6. | $ **2,228.37** | $ **600.99** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. | $ **4,402.32** | $ **1,889.49** |
| 8. | **List all other income regularly received:** | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. | $ **0.00** | $ **0.00** |
| | 8b. **Interest and dividends** 8b. | $ **0.00** | $ **0.00** |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. | $ **0.00** | $ **0.00** |
| | 8d. **Unemployment compensation** 8d. | $ **0.00** | $ **0.00** |
| | 8e. **Social Security** 8e. | $ **0.00** | $ **0.00** |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: 8f. | $ **0.00** | $ **0.00** |
| | 8g. **Pension or retirement income** 8g. | $ **0.00** | $ **0.00** |
| | 8h. **Other monthly income.** Specify: 8h.+ | $ **0.00** + | $ **0.00** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. 9. | $ **0.00** | $ **0.00** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. 10. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | $ **4,402.32** + $ **1,889.49** | = $ **6,291.81** |
| 11. | **State all other regular contributions to the expenses that you list in *Schedule J.*** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: 11. | +$ **0.00** | |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies 12. | $ **6,291.81** **Combined monthly income** | |
| 13. | **Do you expect an increase or decrease within the year after you file this form?** | | |
| | ■ No. | | |
| | ☐ Yes. Explain: | | |

Fill in this information to identify your case:

| Debtor 1 | **Brian Keith Halpainy** |
|---|---|
| Debtor 2 | **Stephanie Diane Halpainy** |
| (Spouse, if filing) | |

United States Bankruptcy Court for the:   WESTERN DISTRICT OF PENNSYLVANIA

Case number   **25-10719 JCM**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

       ■ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.

   ■ Yes.   Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | *Daughter* | *18* | ☐ No  ■ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ **1,800.00**

   **If not included in line 4:**

   | 4a. | Real estate taxes | 4a. $ | **0.00** |
   |---|---|---|---|
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **80.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ _____ **0.00**

Debtor 1   **Brian Keith Halpainy**

Debtor 2   **Stephanie Diane Halpainy**                                    Case number (if known)   **25-10719 JCM**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 570.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 33.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 450.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 1,800.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 85.00 |
| 10. | **Personal care products and services** | | 10. $ | 85.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 190.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 60.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 10.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 224.00 |
| | 15d. | Other insurance. Specify: **ACTInsurance Craft Business** | 15d. $ | 28.75 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 360.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, _Schedule I, Your Income_ (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on _Schedule I: Your Income._** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

22. **Calculate your monthly expenses**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | $ | 5,775.75 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 5,775.75 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 (_your combined monthly income_) from Schedule I. | 23a. $ | 6,291.81 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 5,775.75 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your _monthly net income._ | 23c. $ | 516.06 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.   Explain here:

**Fill in this information to identify your case:**

Debtor 1    **Brian Keith Halpainy**
_____
First Name          Middle Name          Last Name

Debtor 2    **Stephanie Diane Halpainy**
(Spouse if, filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    WESTERN DISTRICT OF PENNSYLVANIA

Case number    **25-10719 JCM**
(if known)

☐ Check if this is an
   amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X  **/s/ Brian Keith Halpainy**
   **Brian Keith Halpainy**
   Signature of Debtor 1

X  **/s/ Stephanie Diane Halpainy**
   **Stephanie Diane Halpainy**
   Signature of Debtor 2

Date  **January 26, 2026**

Date  **January 26, 2026**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Keith Halpainy* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Stephanie Diane Halpainy* |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *25-10719 JCM* |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ■ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For the calendar year:** (January 1 to December 31, 2026 ) | ■ Wages, commissions, bonuses, tips | *$1,530.16* | ■ Wages, commissions, bonuses, tips | *$1,149.45* |
| | ☐ Operating a business | | ☐ Operating a business | |

| Debtor 1 | *Brian Keith Halpainy* | | | | | |
| Debtor 2 | *Stephanie Diane Halpainy* | | | Case number (*if known*) | *25-10719 JCM* | |

| | Debtor 1 | | Debtor 2 | |
| --- | --- | --- | --- | --- |
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips □ Operating a business | *$65,000.00* | ■ Wages, commissions, bonuses, tips □ Operating a business | *$26,423.08* |
| **For last calendar year: (January 1 to December 31, 2024 )** | ■ Wages, commissions, bonuses, tips □ Operating a business | *$54,904.27* | ■ Wages, commissions, bonuses, tips □ Operating a business | *$16,489.16* |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   □ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
| --- | --- | --- | --- | --- |
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |
| **For last calendar year: (January 1 to December 31, 2024 )** | | *$0.00* | *Disability* | *$372.00* |

| Part 3: | **List Certain Payments You Made Before You Filed for Bankruptcy** |
| --- | --- |

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   □ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

   □ No. Go to line 7.
   □ Yes  List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■ No. Go to line 7.
   □ Yes  List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
| --- | --- | --- | --- | --- |
| | | | | |

| Debtor 1 | *Brian Keith Halpainy* | |
|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* *25-10719 JCM* |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

- ☑ No
- ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

- ☑ No
- ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| | | | | |

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

- ☐ No
- ☑ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| *Lakeview Loan Servicing, LLC v. Brian Halpainy and Stephanie Halpainy 12146-2025* | *Foreclosure* | *Court of Common Pleas of Erie County Erie County Courthouse 140 West Sixth Street Erie, PA 16501* | ☐ Pending ☐ On appeal ☑ Concluded *On September 16, 2025 Default Judgment in the amount of $232,077.22* |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

- ☑ No. Go to line 11.
- ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

- ☑ No
- ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

- ☑ No
- ☐ Yes

| Debtor 1 | *Brian Keith Halpainy* | | |
|---|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number *(if known)* | ***25-10719 JCM*** |

---

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

| Part 6: | List Certain Losses |
|---|---|

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

| Part 7: | List Certain Payments or Transfers |
|---|---|

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| | | | |

| Debtor 1 | **Brian Keith Halpainy** | | |
|---|---|---|---|
| Debtor 2 | **Stephanie Diane Halpainy** | Case number (*if known*) | **25-10719 JCM** |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☑ No

☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|
| | | |

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No

☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No

☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No

☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No

☐ Yes.  Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

| Debtor 1 | *Brian Keith Halpainy* | |
|---|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* | Case number (*if known*) **25-10719 JCM** |

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**25. Have you notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☒ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:   Give Details About Your Business or Connections to Any Business**

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☒ No. None of the above applies.  Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| | | |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☒ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Debtor 1  **Brian Keith Halpainy**

Debtor 2  **Stephanie Diane Halpainy**

Case number *(if known)*  **25-10719 JCM**

---

**Part 12:    Sign Below**

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

*/s/ Brian Keith Halpainy*

**Brian Keith Halpainy**
Signature of Debtor 1

*/s/ Stephanie Diane Halpainy*

**Stephanie Diane Halpainy**
Signature of Debtor 2

Date   **January 26, 2026**

Date   **January 26, 2026**

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No

☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Brian Keith Halpainy** |
| Debtor 2 (Spouse, if filing) | **Stephanie Diane Halpainy** |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number (if known) | **25-10719 JCM** |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

- ■ 3. The commitment period is 3 years.
- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**10/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.
   - ☐ **Not married**. Fill out Column A, lines 2-11.
   - ■ **Married**. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ **4,858.84** | $ **2,095.62** |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ **0.00** | $ **0.00** |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ **0.00** | $ **0.00** |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ **0.00** | | | |
| Ordinary and necessary operating expenses | -$ **0.00** | | | |
| Net monthly income from a business, profession, or farm | $ **0.00** | Copy here -> $ **0.00** | $ **0.00** | |

6. **Net income from rental and other real property**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ **0.00** | | | |
| Ordinary and necessary operating expenses | -$ **0.00** | | | |
| Net monthly income from rental or other real property | $ **0.00** | Copy here -> $ **0.00** | $ **0.00** | |

| Debtor 1 | *Brian Keith Halpainy* |
|---|---|
| Debtor 2 | *Stephanie Diane Halpainy* |

Case number (*if known*)   **25-10719 JCM**

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
| For your spouse | $ 0.00 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ 0.00     $ 0.00

10. **Income from all other sources not listed above.**  Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **4,858.84**  + $ **2,095.62**  = $ **6,954.46**

Total average
monthly income

**Part 2:**     Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** ...................................................... $ **6,954.46**

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

■ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| | $ |
| | $ |
| | + $ |
| Total | $ **0.00** | Copy here=> | - **0.00** |

14. **Your current monthly income.**  Subtract line 13 from line 12.

$ **6,954.46**

15. **Calculate your current monthly income for the year.**  Follow these steps:

15a.  Copy line 14 here=> ............................................................................................... $ **6,954.46**

| Debtor 1 | Brian Keith Halpainy | | |
|---|---|---|---|
| Debtor 2 | Stephanie Diane Halpainy | Case number *(if known)* | **25-10719 JCM** |

Multiply line 15a by 12 (the number of months in a year). | **x** 12

15b.  The result is your current monthly income for the year for this part of the form.  ......................................... | $ **83,453.52**

---

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **PA**

16b. Fill in the number of people in your household. **3**

16c. Fill in the median family income for your state and size of household. | $ **107,327.00**
To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ■  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out** *Calculation of Your Disposable Income* **(Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

---

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

18.  Copy your total average monthly income from line 11 . | $ **6,954.46**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. | –$ **0.00**

19b. **Subtract line 19a from line 18.** | $ **6,954.46**

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b | $ **6,954.46**

Multiply by 12 (the number of months in a year). | **x** 12

20b. The result is your current monthly income for the year for this part of the form | $ **83,453.52**

20c. Copy the median family income for your state and size of household from line 16c | $ **107,327.00**

21. **How do the lines compare?**

■  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

---

**Part 4:    Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X** /s/ Brian Keith Halpainy | **X** /s/ Stephanie Diane Halpainy
**Brian Keith Halpainy** | **Stephanie Diane Halpainy**
Signature of Debtor 1 | Signature of Debtor 2

Date **January 26, 2026** | Date **January 26, 2026**
     MM / DD  / YYYY |      MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

---

| Debtor 1 | *Brian Keith Halpainy* | | | |
| Debtor 2 | *Stephanie Diane Halpainy* | | Case number *(if known)* | *25-10719 JCM* |

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

> You are an individual filing for bankruptcy, and
>
> Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation
>
> Chapter 11 - Reorganization
>
> Chapter 12 - Voluntary repayment plan for family farmers or fishermen
>
> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;
>
> most student loans;
>
> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $571 | administrative fee |
| | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Chapter 12: Repayment plan for family farmers or fishermen

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $78 | administrative fee |
| | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

### Chapter 13: Repayment plan for individuals with regular income

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $78 | administrative fee |
| | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

---

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## Western District of Pennsylvania

In re   **Brian Keith Halpainy**
      **Stephanie Diane Halpainy**                                 Case No.   **25-10719 JCM**

                                         Debtor(s)      Chapter   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    ■   **FLAT FEE**

      For legal services, I have agreed to accept ........................................ $ ........... **5,000.00**

      Prior to the filing of this statement I have received .................... $ ........... **1,038.00**

      Balance Due ................................................................................ $ ........... **3,962.00**

    ☐   **RETAINER**

      For legal services, I have agreed to accept and received a retainer of ........... $ _____

      The undersigned shall bill against the retainer at an hourly rate of ........... $ _____
      [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved
      fees and expenses exceeding the amount of the retainer.

2.   The source of the compensation paid to me was:

      ■ Debtor     ☐ Other (specify):

3.   The source of compensation to be paid to me is:

      ■ Debtor     ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

      a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
      b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
      c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
      d.   [List other services that counsel has agreed to provide]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

      *As of the date of the filing of the Petition, Counsel for the Debtor(s) has received a total of $1,538.00, which represents $1,038.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs. The Debtor(s) has/have agreed to a flat fee of $5,000.00 for attorney's fees, (subject to any increases approved by the Court in the "no-look fee") for the preparation and filing of the Bankruptcy Petition, Schedules, and related documents, Chapter 13 Plan, Motion for Wage Attachment, as well as the attendance of counsel at the First Meeting of Creditors and Confirmation Hearing.*

      *Additional services, such as the filing of Motions to Avoid Liens, Objections to Claim, Motions and/or Complaints for Sale of Personal and/or Real Property, Adversary Proceedings, including but not limited to fraudulent conveyance actions, preference actions, turnover actions, and the defense of Objections to Discharge, the filing of Amended Chapter 13 Plans, and/or the conversion of the case to a Chapter 7 proceeding will be done on an hourly basis of $275.00 per hour additional charge to the Debtor(s). Any and all additional fees and costs shall be approved by the Court and paid through the Debtor's Chapter 13 Plan.*

In re    **Brian Keith Halpainy**
_____**Stephanie Diane Halpainy**_____          Case No.    **25-10719 JCM**
Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 26, 2026**                                    **/s/ Michael S. Jan Janin, Esquire**
_____          _____
*Date*                                                       **Michael S. Jan Janin, Esquire 38880**
                                                             *Signature of Attorney*
                                                             **Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.**
                                                             **456 West 6th Street**
                                                             **Erie, PA 16507**
                                                             **814-833-2222  Fax: 814-833-6753**
                                                             **mjanjanin@quinnfirm.com**
                                                             _____
                                                             *Name of law firm*

# QUINN LAW FIRM
## A Tradition of Trust

Michael S. Jan Janin
mjanjanin@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

October 7, 2025

Brian Keith Halpainy
Stephanie Diane Halpainy
1433 Ridge Road
West Springfield, PA 16443
**Email: whiteagle20@yahoo.com**

Dear Stephanie and Brian:

You have asked us, the Quinn Law Firm, to represent you in connection with a Chapter 13 bankruptcy, and we are pleased to do so.

It is our Firm's practice to confirm in writing (1) the identity of any client whom we undertake to represent, (2) the nature of our undertaking on behalf of that client and (3) our billing and payment arrangements with respect to our legal services. We do this to avoid the possibility of any future misunderstanding about these matters.

We understand that we are being engaged to act as counsel for BRIAN KEITH HALPAINY AND STEPHANIE DIANE HALPAINY and for no other entity or entities and that we are to file a voluntary Chapter 13 bankruptcy petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division.

Our flat fee for a Chapter 13 Bankruptcy is the Court's approved minimum legal fees of $5,000 plus the court approved costs in the amount of $500 (which includes the $318 filing fee, search fee and other actual out-of-pocket costs) for a total of $5,500. Upon receipt of the completed bankruptcy schedules and a retainer in the amount of $1,538, we will file a voluntary Chapter 13 Bankruptcy Petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division. If the Chapter 13 Plan is confirmed, the balance of the legal fees will be paid by the Chapter 13 Trustee over the life of the Chapter 13 Plan. If the Chapter 13 Plan is not confirmed, you have no further liability whatsoever for the payment of legal fees.

This fee includes representing you over the five (5) year life of the Chapter 13 Plan and includes the filing fee for the preparation and filing of the bankruptcy petition, schedules, and related documents, chapter 13 plan, and motion for a wage attachment, as well as the attendance of counsel at the first meeting of creditors and confirmation hearing.

It is our Firm's policy to require that a retainer be deposited with us to be applied against services and costs incurred. Our retainer in this matter is $1,538. Statements for professional services

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

October 7, 2025
Page 2

and related charges, based upon our standard billing practices as described in this letter, will be presented to you and will be payable upon presentation as described above. Your advance payment will be applied by us to any outstanding balances that may be due to us at the time our engagement is concluded or our services terminated. To the extent no amounts are then owing, we will refund such advanced payment to you.

We will seek to keep you informed as to the progress of our engagement. As appropriate, we would expect to send you copies of significant papers prepared or received by us. If you have any question(s) about our services or about the status of our engagement, please feel free to contact me at any time.

We would, at this time, like to confirm that you are in agreement with the matters set forth herein. Therefore, we would ask that you sign and date the enclosed copy of this letter in the spaces provided below and return the same to us for our files. If the foregoing is not in accordance with your understanding of our agreement in any respect, please contact me so that we may address your concerns promptly. We look forward to working for you.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.

By _____
    Michael S. Jan Janin

ACCEPTED AND ACKNOWLEDGED:

By _____
    Brian Keith Halpainy

By _____
    Stephanie Diane Halpainy

DATE: _____

MSJ/mt/1725833

## United States Bankruptcy Court
### Western District of Pennsylvania

In re  **Brian Keith Halpainy**
**Stephanie Diane Halpainy**

Case No.  **25-10719 JCM**

Debtor(s)

Chapter  **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  **January 26, 2026**

**/s/ Brian Keith Halpainy**
**Brian Keith Halpainy**
Signature of Debtor

Date:  **January 26, 2026**

**/s/ Stephanie Diane Halpainy**
**Stephanie Diane Halpainy**
Signature of Debtor

Captial One Auto Finance
PO Box 60511
City of Industry, CA 91760

Commonwealth of PA
ATTN:  Bankruptcy
625 Forster Street, Floor #2
Harrisburg, PA 17120

Commonwealth of PA
Bureau of Compliance
ATTN:  Bankruptcy
625 Forster Street, Floor #2
Harrisburg, PA 17120

Commonwealth of PA
Dept of Revenue /Compliance
Clearance Support Section
Dept 280948
Harrisburg, PA 17128

Erie County Tax Claim Bureau
Erie County Courthouse
140 West Sixth Street
Room 110
Erie, PA 16501

First Energy
ATTN: Bankruptcy Department
6896 Miller Road
Brecksville, OH 44141

Geraldine Linn, Esq.
KML Law Group
701 Market Street
Suite #5000
Philadelphia, PA 19106

Home Depot
P.O. Box 9001010
Louisville, KY 40290

Inner Lakes Federal Credit Union
19-21 East Main Street
Westfield, NY 14787

Lakeview Loan Servicing, LLC
4425 Ponce De Leon Blvd.
Miami, FL 33146

M&T Bank
ATTN: Bankruptcy Dept.
PO Box 1508
Buffalo, NY 14240

M&T Bank
ATTN: Bankruptcy
1 Fountain Plaza
Buffalo, NY 14203

M&T Bank
ATTN: Bankruptcy
475 Crosspoint Parkway
Getzville, NY 14068

MERS
ATTN: Bankruptcy Dept.
1901 Vorhees Street, Suite C
Danville, IL 61834

MERS
ATTN: Bankruptcy
11819 Miami Street, Suite #100
Omaha, NE 68164

MOHELA/Dept of Education
ATTN: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005

Mortgage Electronic Registration
Systems, Inc.
ATTN: Bankruptcy Dept.
P.O. Box 2026
Flint, MI 48501-2026

Penelec
ATTN: Bankruptcy
P.O. Box 16001
Akron, OH 44309

Penelec
ATTENTION: Bankruptcy  Dept.
5404 Evans Road
Erie, PA 16509

Penelec
ATTENTION: Bankruptcy Dept
101 Crawford's Corner Road
Building #1, Suite #1-511
Holmdel, NJ 07733

Penelec
P.O. Box 371422
Pittsburgh, PA 15250-7422

Penelec
PO Box 16001
Reading, PA 19612

```
Sallie Mae
P.O. Box 3319
Wilmington, DE 19804-4319

Sallie Mae
ATTN: Bankruptcy
PO Box 3229
Wilmington, DE 19804-4319

Secretary of Housing & Urban Development
451 7th Street
Washington, DC 27410-8000

ServiceLink
Attn: Loan Modification Solutions
320 Commerce, Suite 100
Irvine, CA 92602

Springfield Township Tax Collector
13903 Ridge Road
West Springfield, PA 16443

SYNCB/Lowes
P.O. Box 956005
Orlando, FL 32896

SYNCB/Lowes
ATTN: Bankruptcy
4125 Windard Plaza
Alpharetta, GA 30005

SYNCB/Lowes
ATTN: Bankruptcy
4125 Winwrd Plaza
Alpharetta, GA 30005

THD/CBNA
PO Box 6497
Sioux Falls, SD 57117

United Wholesale Mortgage, LLC
585 South Blvd. East
Pontiac, MI 48341
```